The Honorable Jimmie L. Wilson State Representative Route 2, Box 333 Lexa, AR 72355-9527
Dear Representative Wilson:
This is in response to your request for an opinion on the following questions:
 1. What is the percentage of quorum court members necessary for the passage of bills, ordinances, resolutions or motions for the expenditure of public funds?
 2. If the law requires a three-fourths majority vote of the quorum court for the passage of money expenditures, can that three-fourths majority requirement be circumvented by any other parliamentary procedure?
Although you have mentioned "bills, ordinances, resolutions or motions,"[1] because your question focuses on expenditures of public funds, I assume you are referring to "appropriation ordinances."[2] It is my opinion that appropriation ordinances that are enacted without separate readings may not be circumvented by other procedures.[4] Arkansas Code Annotated § 14-14-807 (1987) sets forth the areas of law that operate as a "prohibition on the legislative power of a county acting other than as provided [by the state law]." These areas include "[a]ll state laws establishing legislative procedures or requirements for county government." A.C.A. § 14-14-807(2). Accordingly, it is my opinion that the two-thirds vote requirement, set out above, cannot be circumvented.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
Enclosure
[1] With regard to the adoption of resolutions, reference should be made to A.C.A. § 14-14-913, which states that a "proposed resolution must be read and adopted by a majority vote of the whole number of justices comprising a quorum court." Regarding passage of motions, A.C.A. § 14-14-904(h) states that a "motion shall require a majority vote of the whole number of justices comprising a quorum for passage."
[2] Section 14-14-1102(b)(2)(C)(i) of the Arkansas Code states that no money shall be paid out of the county treasury until it shall have been appropriated by law. An appropriation ordinances that are approved without three separate readings require a two-thirds vote of the whole number of justices comprising a quorum court for passage. Those appropriation ordinances which are read on three separate days require a concurrence by a majority of the whole number of members elected to the quorum court for passage.
With regard to the passage of appropriation ordinances, A.C.A. § 14-14-907 states in pertinent part that:
 (d) Readings and Publication. An appropriation ordinance may be enacted without separate readings or publication prior to passage. . . .
 (e) Voting Requirements. The passage of appropriation ordinances or amendments to existing appropriation ordinances enacted without separate readings shall require a two-thirds (2/3) vote of the whole number of justices comprising a quorum court. . . .[3]
Thus, where the three readings rule is dispensed with, as is allowed for appropriation ordinances, the number of votes required for passage is two-thirds of the whole number of justices comprising a quorum court. Otherwise, if the procedure is followed for the adoption of other ordinances, whereby the proposed ordinance is read on three different days before approved, then the voting requirement set out at A.C.A. §14-14-905(c) should be followed. That section requires a "concurrence by a majority of the whole number of members elected to the quorum court" to pass the ordinance.
With regard to your second question, it is my opinion that the answer is "no." The two-thirds vote requirement for "appropriation ordinance" is defined at A.C.A. § 14-14-907(a)(1) as "a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenue in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county."
[3] See Op. Att'y Gen. 92-027, a copy of which is enclosed, with regard to the three separate readings requirement of A.C.A. § 14-14-905(c) not being required for appropriation ordinances.
[4] As set out in the answer to your first question, it is not three-quarters, but two-thirds, of the whole number of justices comprising the court that is required for the passage of appropriation ordinances where the three readings rule has been dispensed with.